## NEW YORK LIFE INS. CO. v. HOWARD et ux.

### No. 1201.

District Court, E. D. Kentucky.
April 2, 1932.

Bruce & Bullitt, of Louisville, Ky., for plaintiff.

Browning & Davis, of Ashland, Ky., for defendants.

ANDREW M. J. COCHRAN, District Judge.

This is a suit brought to cancel a policy of life insurance issued by the plaintiff on the life of the defendant Frank P. Howard, in which the defendant Nora Howard, his wife, is beneficiary, for the sum of $5,000, providing also for the payment of double that amount in the event of accidental death and for payment of $50 per month in the event of disability whether caused by disease or accidental injury. It was applied for September 15, 1926, issued November 5, 1926, and delivered November 15, 1926.

Cancellation is sought on three grounds: Misrepresentations in the application; the policy never became effective; failure to disclose change in health between the date of medical examination and date of delivery. I do not find it necessary to consider any other ground than the first. Three misrepresentations are relied on: That he had not had any accident or injury; that he had not consulted or been treated or examined by a physician within the past five years; and that he had never been declined for life insurance except by the Prudential in 1926. I do not find it necessary to consider the last one. It is not questioned that the other two misrepresentations were made; i. e., that such representations were made and that they were false. The first one was false in this: September 21, 1924, the insured accidentally fell from a scaffold on which he was sitting, and thereby sustained an injury. At that time he was insured against such an injury by the Interstate Business Men's Accident Association. On October 27, 1924, he made claim to such Association for payment on account of the disability occasioned thereby. In his claim he stated that by reason thereof he had strained his back and had been confined to his house, that Dr. Richmond, a physician, attended him at his house on the date of the accident, and he called at his office several times, and that he had not been able to do any work since the accident occurred. With the claim he submitted a statement of Dr. Richmond that the insured had a strained back

and side by reason of the injury, and that he had not been able to attend to any part of his work from September 21, 1924, up until that date. November 3, 1924, in his final proof of disability made under oath, the insured stated that he was continuously and actually confined in the house, and prevented from performing every act of business for 28 days beginning September 21, 1924, and ending October 19, 1924, for which he claimed $50 per week, and that following this he was prevented from performing every act of business, but was not confined to the house for 12 days beginning October 19, 1924, and ending November 1, 1924, and for such disability he claimed indemnity at the rate of $20 per week. With this final proof he submitted a similar sworn statement made by Dr. Richmond. He stated that he had personal knowledge of such disability, and that it existed whilst the insured was under his care. On November 12, 1924, the association paid the insured $217.20 on account of this claim.

The first representation was further false in this: On December 21, 1925, the insured accidentally fell whilst carrying a box up a flight of stairs and sustained an injury. At that time he was insured against such an injury by the Mutual Benefit Health & Accident Company, its policy having been issued to him November 23, 1925, i. e., 28 days previously. The policy also covered sickness originating more than 31 days after the date of the issuance of the policy. On the day of the accident, i. e., December 21, 1925, the insured wrote the association for a sick benefit blank. It replied that the policy did not cover sickness at that time, as 31 days had not elapsed from the date of issuance of policy. January 8, 1926, the insured wrote the association that his disability was from an accident, and not sickness, and that his sickness was on account of the accident. He submitted a written statement to the association dated February 19, 1926, setting forth that it was necessary for him to quit work on the day of the injury; that his back and insides were strained; that he was treated by a physician December 25, 1925, January 10, 1926, and February 1, 1926; and that he claimed partial disability for 60 days commencing December 21, 1925, and ending February 19, 1926. Accompanying this was a statement from his physician, Dr. Richmond, that he first treated insured December 25, 1925, at his place of business, and that he was necessarily partially disabled by reason of his injury from doing any important duty in connection with his occupation from December 25, 1925, to February 28, 1926, a period

of 65 days. These statements were inclosed in a letter in which he stated that "for 2 months" he had "almost been past working at all." The Association sent him a check for $25 in full settlement of his claim, which he refused to accept, saying that he was "due 2 months disability," and that he had "been disabled to work for a long time," and was "very much in need of this money." He executed a final accident blank March 30, 1926, in which he stated that it was necessary for him to quit work on December 22, 1925, and that he was not able to visit his office or place of business until February 24, 1926, a period of 63 days. He placed his claim in the hands of his attorney, and, after considerable correspondence, accepted $50 in settlement.

The second representation was false in this: He was treated by and under the care of a physician, to wit, Dr. Richmond, on account of the injuries received in the scaffold and stairway accidents as hereinbefore set forth. It was further false, in that he was treated by a physician, Dr. Sizemore, for illness which the doctor diagnosed as smallpox beginning May 4, 1926. On May 24, 1926, the insured made a claim against the Mutual Benefit Health & Accident Association for disability due to that disease. In his claim he stated that he was first confined to his house by smallpox on May 4, 1926, and first able to leave it for any purpose and to do any work June 24, 1926, making 51 days during which he was so disabled. He claimed $163.39 for 49 days' total disability. The association tendered him $33.33 in full payment of his claim which he took but refused to accept as full payment. After considerable correspondence on August 16, 1926, he filed suit against the association in the Floyd quarterly court for $169.83, subject to a credit of $33.33. In his petition he alleged that his disease "required the regular attendance of a physician from May 4, 1926 until the 24th day of June," a period of 51 days. This suit was settled November 18, 1926, by the payment of the further sum of $75 and $6.85 costs. It was pending at the time of the insured's application for a policy with plaintiff and of its issuance and delivery, and was settled 3 days after the delivery of the policy.

Both these representations were as to matters that were material. And each was fraudulent; i. e., the insured was conscious of their falsity when he made them, and made them with the purpose and intent to deceive the plaintiff. There is no escaping this conclusion. It follows that, nothing else appearing, the plaintiff is entitled to the relief which

it seeks. It is urged as a defense that the plaintiff should have known of their falsity when it issued and delivered the policy. The basis of this is that, before such issuance and delivery, the plaintiff received a report that Howard had had an accident, and by reason thereof had obtained some money. But the report was based on rumor, and could not be confirmed. The plaintiff attempted to confirm it, but failed. The insured's representation contradicted the rumor. Then it is said that both accidents were trivial. The insured did not so regard them when he asserted his claims for indemnity on account of them. He should not now be heard to say that they were. Both these positions have relation to the misrepresentations as to accidents. Neither has relation to that as to treatment by a physician.

The plaintiff is entitled to a decree.